UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JUNIOR-TONY DIEUJUSTE, holder in due
course of ®Junior Tony Dieujuste©,

          Plaintiff,

  v.

JESSICA SIN, KEISHA KEARSE, and
all successors and assigns.

         Defendants.
------------------------------------------------------------------------x

**OPINION & ORDER**

23-CV-7805
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

  In this action, Plaintiff Junior-Tony Dieujuste, proceeding *pro se*, alleges trademark infringement, slander, libel, and failure to protect or act against Defendants Judge Jessica Sin and Clerk of Court Keisha Kearse of the Family Court of the State of New York (collectively, "Defendants"). *See generally* Dkt. No. 1 ("Compl.").

  On April 26, 2024, the Court granted Defendants' motion to dismiss the Complaint. *See* Dkt. No. 19. On April 29, 2024, the Clerk of Court entered judgment and closed this case. Dkt. No. 20.

  Currently pending before this Court is Plaintiff's letter-motion for reconsideration. Dkt. No. 22. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## DISCUSSION

  The Court assumes the parties' familiarity with the facts and procedural history in this action. *See Dieujuste v. Sin*, No. 23-CV-7805, 2024 WL 1825403 (E.D.N.Y. Apr. 26, 2024).

  The Second Circuit has described the standard for granting a motion for reconsideration as "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

1

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Person v. Mulligan Security Corp.*, No. 22-CV-2980 (AMD) (LB), 2024 WL 2111522, at *2 (E.D.N.Y. May 10, 2024) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

Stated differently, to succeed on a motion for reconsideration, the movant must show "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790)).

Significantly, "[a] motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Weir v. Montefiore Medical Center*, No. 23-CV-4468 (KPF), 2024 WL 2049411, at *2 (S.D.N.Y. May 6, 2024) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Shearard v. Geithner*, No. 09–CV–0963(JS)(ETB), 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Here, Plaintiff has failed to meet its burden for reconsideration. Defendant fails to present the "exceptional circumstances" required to meet its burden on a motion for reconsideration. *Allen v. United Student Aid Funds, Inc.*, No. 17-CV-8192 (VSB), 2021 WL 1978544, at *3 (S.D.N.Y. May 17, 2021) (explaining that "[a] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced"; additionally, it is not "a time to "advance new facts, issues or arguments not previously presented to the Court.") (internal citations and quotation marks omitted).

Indeed, Plaintiff simply asserts a belief that his "legal references were not duly acknowledge nor addressed." Dkt. No. 22. Plaintiff also argues that "[t]he absence of a hearing" deprived him of an "opportunity to address any ambiguities or uncertainties." *Id.* Plaintiff appeared for a pre-motion conference on December 13, 2023 where the Court addressed Defendants' letter-motion to dismiss—which belies the argument that the opportunity of a hearing was not afforded. *See* Minute Entry and Order dated December 13, 2023. Additionally, in rendering its opinion, the Court reviewed the cases offered by Plaintiff in support of his opposition to the motion to dismiss—especially since Plaintiff was a *pro se* litigant afforded a "special solicitude" in this Circuit. *Dieujuste v. Sin*, 2024 WL 1825403, at *3 (acknowledging that Plaintiff's submissions are held to a "less stringent standard than formal pleadings drafted by lawyers") (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Nonetheless, Plaintiff's letter-motion for reconsideration disregards the standards outlined by the Court and continues to rely on a meritless argument that the Court sought to "undermine" his assertions. Dkt. No. 22.

Further, to the extent Plaintiff sought to allege new or novel arguments on reconsideration, Plaintiff does not appear to provide any excuse as to why these arguments were not raised

3

previously. These arguments are therefore not cognizable on a motion for reconsideration. *See Novomoskvsk Joint Stock Company "Azot" v. Revson*, 95-CV-5399 (JSR), 1999 WL 767325 at *1 (S.D.N.Y. Sept. 28, 1999) ([N]ew arguments . . . are not to be considered [on a motion for reconsideration] unless there is some valid reason they could not have been previously advanced when the motion was originally argued.").

Accordingly, this Court finds that Defendant has failed to meet its exacting burden on reconsideration by merely rehashing prior arguments or, in the alternative, advancing new legal theories that are not cognizable on a motion for reconsideration.

## **CONCLUSION**

Plaintiff's motion for reconsideration is **DENIED** and this case remains closed. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff by May 23, 2024.

Dated: Brooklyn, New York
May 22, 2024

**SO ORDERED**.

*s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge

4